UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

TIFFANY Y. MITCHELL,
and other similarly situated individuals,

    Plaintiff (s),

v.

ULTIMATE CARWASH, INC.,
RICHARD E. PALACIOS,
and CHRISTINE A. PALACIOS, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff TIFFANY Y. MITCHELL and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants ULTIMATE CARWASH, INC., RICHARD E. PALACIOS, and CHRISTINE A. PALACIOS, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff TIFFANY Y. MITCHELL is a resident of Broward County, Florida. The Plaintiff was a covered employee for purposes of the Act.

3. Defendant ULTIMATE CARWASH, INC. (hereinafter ULTIMATE CARWASH, or corporate Defendant) is a Florida corporation doing business in Broward County, within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendants RICHARD E. PALACIOS and CHRISTINE A. PALACIOS were and are now, the owners/officers and managers of Defendant Corporation ULTIMATE CARWASH. Defendants RICHARD E. PALACIOS AND CHRISTINE A. PALACIOS are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants regular and overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were not paid minimum wages, or/and worked in excess of forty (40) hours during one or more weeks on or after December 2018, (the "material time") without being compensated pursuant to the FLSA.

7. Corporate Defendants ULTIMATE CARWASH is a company providing car wash and car detailing services in Broward County.

8. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of the Defendants.

9. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties as car washers and car detailers in furtherance of the business of Defendants, and who were not paid minimum wages and/or worked in excess of forty (40) hours during one or more workweeks within the material time (the "asserted class")

10. Defendants ULTIMATE CARWASH, RICHARD E. PALACIOS, and CHRISTINE A. PALACIOS employed Plaintiff TIFFANY Y. MITCHELL as a car washer and car detailer attendant from approximately December 13, 2018, through October 18, 2019, or 44 weeks.

11. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, the Plaintiff was a tipped employee earning the minimum wage of $5.23 and $5.44 an hour plus tips.

12. While employed by the Defendants Plaintiff had a very irregular schedule, but she worked between 56 and 60 hours weekly. The Plaintiff did not take bonafide lunch periods.

13. Every week Plaintiff was paid direct cash wages for less than 40 regular hours, plus tips. In many weeks the combined direct cash wages and the tips received by the Plaintiff did not cover the total number of hours worked at the minimum wage rate, as established by law.

14. Therefore, Defendants failed to pay Plaintiff at least minimum wages for every hour worked, as required by the Fair Labor Standards Act.

15. In addition, while employed with Defendants Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit and pay for overtime hours actually worked, among other violations of the FLSA.

16. Plaintiff and other similarly situated individuals were paid weekly with paystubs that did not reflect the real number of regular and overtime hours worked.

17. Plaintiff and other similarly situated individuals clocked-in and out, and Defendants were able to keep track of the hour worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted class.

20. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled to all of the hours worked in excess of forty within a workweek.

21. At the times mentioned, individual Defendants RICHARD E. PALACIOS and CHRISTINE A. PALACIOS were the owners and managers of ULTIMATE CARWASH. Defendants RICHARD E. PALACIOS and CHRISTINE A. PALACIOS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of ULTIMATE CARWASH in relation to their employees, including Plaintiff and others similarly situated. Defendants RICHARD E. PALACIOS and CHRISTINE A. PALACIOS had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff and the asserted class' damages.

22. The Plaintiff TIFFANY Y. MITCHELL seeks to recover unpaid minimum and overtime wages that never were paid to her at the mandatory rate of time and a half her regular rate, liquidated damages, and any other relief as allowable by law.

23. The Plaintiff has retained the law offices of the undersigned attorney to represent her individually, and on behalf of the asserted class, and incurred attorney's fees

and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTSS**

24. Plaintiff TIFFANY Y. MITCHELL re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. At all times pertinent to this Complaint, Defendants ULTIMATE CARWASH was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendants was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

26. Plaintiff is entitled to be paid time and one-half of the Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

27. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

28. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

29. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIFFANY Y. MITCHELL and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants ULTIMATE CARWASH, RICHARD E. PALACIOS, and CHRISTINE A. PALACIOS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff TIFFANY Y. MITCHELL actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff TIFFANY Y. MITCHELL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

30. Plaintiff TIFFANY Y. MITCHELL re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

31. At all times pertinent to this Complaint, Defendants ULTIMATE CARWASH was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendants was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

32. This action is brought by Plaintiff TIFFANY Y. MITCHELL and those similarly-situated to recover from the Employer ULTIMATE CARWASH unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

33. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

34. At all times pertinent to this Complaint, Plaintiff TIFFANY Y. MITCHELL is entitled to be paid minimum wages as required by the FLSA. All similarly situated employees (comprising the members of the asserted class) are similarly owed their minimum wages for every hour they worked and were not properly compensated.

35. Defendants ULTIMATE CARWASH, RICHARD E. PALACIOS, and CHRISTINE A. PALACIOS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

37. Defendants ULTIMATE CARWASH, RICHARD E. PALACIOS, and CHRISTINE A. PALACIOS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

39. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIFFANY Y. MITCHELL and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff TIFFANY Y. MITCHELL and against the Defendants ULTIMATE CARWASH, RICHARD E. PALACIOS and CHRISTINE A. PALACIOS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff TIFFANY Y. MITCHELL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: April 08, 2020,

> Respectfully submitted,
>
> By: **/s/ Zandro E. Palma**
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone: (305) 446-1500
> Facsimile: (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*