UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:20-cv-60728-RAR

TIFFANY Y. MITCHELL,

    Plaintiff,

vs.

ULTIMATE CARWASH, INC.,
RICHARD E. PALACIOS, and
CHRISTINE A. PALACIOS.

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS ACTION WITH PREJUDICE

    Plaintiff, Tiffany Y. Mitchell and Defendants, Ultimate Carwash, Inc., Richard E. Palacios and Christine A. Palacios (collectively, the "Parties"), by and through their respective undersigned counsel, respectfully request that this Court approve the Parties' confidential settlement agreement (the "Confidential Settlement Agreement") and dismiss the instant action with prejudice. The Parties state the following in support thereof:

    1.    Plaintiff filed a two-count Complaint seeking damages against Defendants for alleged unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (the "FLSA").

    2.    Defendants have consistently disputed liability in this action, specifically arguing that, among other things, Plaintiff grossly misstated (i) the time period for which she was employed by Defendant, Ultimate Carwash, Inc., and (ii) the amount of hours she actually worked in a given workweek. Nevertheless, recognizing the cost of protracted litigation and the uncertainty regarding the final outcome of the case, the Parties engaged in negotiations that ultimately resulted in the execution of the attached Confidential Settlement Agreement which

44312715v2

they consider to be fair and equitable, while at the same time reducing imposition on the Court's limited judicial resources. A copy of the Confidential Settlement Agreement entered into by the Parties is being provided to the Court for its review as *Exhibit A*.

      3.      The Parties represent that, in accordance with the terms of the Confidential Settlement Agreement, Plaintiff and her counsel are receiving the total aggregate sum of $6,500.00 which shall be apportioned as follows: $1,250.00 to Plaintiff for her alleged unpaid minimum and overtime wages; $1,250.00 to Plaintiff for her alleged liquidated damages; and $4,000.00 to Zandro E. Palma, P.A., which fully satisfies Plaintiff's contractual obligation for attorney's fees and costs incurred on her behalf.

      4.      Plaintiff specifically agrees and stipulates that the settlement terms reached by the Parties represent a fair and equitable resolution of this matter. The Parties stipulate to the dismissal of this case with prejudice based on a settlement of all claims which have been raised, or could have been raised, by Plaintiff from the beginning of time to the date of execution of the Parties' Confidential Settlement Agreement.

      5.      Additionally, Counsel represent that the amount of fees were separately negotiated from Plaintiff's recovery. *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2 (M.D. Fla. 2012) ("When attorney's fees are agreed upon separately, without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."), *report and recommendation adopted at* 2012 WL 2191492, at *1 (M.D. Fla. 2012).

      6.      Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

1982), employment and wage claims arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of a disputed claim. The Confidential Settlement Agreement is fair and reasonable because of the expense and likely duration of the litigation, the risks of trial and potential liability. Further, resolution will allow the Parties to avoid additional attorneys' fees and costs in the instant case.

7. The Confidential Settlement Agreement entered into by the Parties is contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve the settlement, issue an Order dismissing this action with prejudice.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Confidential Settlement Agreement entered into by the Parties and dismissing this action with prejudice.

Dated: July 2, 2020

| Respectfully Submitted, | **GREENSPOON MARDER LLP** |
|---|---|
|  | 200 E. Broward Blvd., Suite 1800 |
| **ZANDRO E. PALMA, P.A.** | Ft. Lauderdale, FL 33301 |
| 9100 South Dadeland Blvd., Suite 1500 | Tel. (954) 491-1120 |
| Miami, FL 33156 | Fax. (954) 267-8027 |
| Tel: (305) 446-1500 | Email. peter.siegel@gmlaw.com |
| Fax: (305) 446-1502 |  |
| Email: zep@thepalmalawgroup.com | *Counsel for Defendant* |
| *Counsel for Plaintiff* | /s/ Peter R. Siegel |
|  |    Peter R. Siegel, Esq. |
| /s/ Zandro E. Palma |    Fla. Bar No. 988634 |
|    Zandro E. Palma, Esq. |    Alejandro I. Leiva, Esq. |
|    Fla. Bar No. 24031 |    Fla. Bar No. 118309 |